UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.:

ELAN MILES,
*individually and on behalf of all
others similarly situated*,                    CLASS ACTION

      Plaintiff,                              JURY TRIAL DEMANDED

v.

PACIFIC CREDIT PARTNERS LLC,

      Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Elan Miles ("Plaintiff") brings this class action against Defendant Pacific Credit Partners LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      To promote its goods services, and/or properties, Defendant engages in unsolicited text messaging to consumers that have registered their telephone

numbers on the National Do Not Call Registry and continues to text message consumers after they have opted out of Defendant's solicitations. Defendant also engages in telemarketing without the required policies and procedures, and training of its personnel engaged in telemarketing

3.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members. Plaintiff also seeks statutory damages on behalf of themselves and members of the Class, and any other available legal or equitable remedies.

## PARTIES

4.     Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of Duval County, Florida.

5.     Defendant is a California limited liability company with its headquarters located in Los Angeles, California.

6.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## JURISDICTION, AND VENUE

7.     This Court has federal question subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331, as the action arises under the TCPA.

8.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to Duval County, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in Duval County.

## FACTS

9.      On or about April 24, 2024, Plaintiff requested to opt-out of Defendant's text messages by replying with a stop instruction as reflected by the following screenshot:



10.     Defendant ignored Plaintiff's request and continued text messaging

Plaintiff, as demonstrated by the above screenshot and the following screenshots:





11.    The message labeled "Saturday 9:50 AM" was sent on December 14, 2024.

12.    The message labeled "Sunday 9:45 AM" was sent on December 15, 2024.

13.     The message labeled "Monday 9:42 AM" was sent on December 16, 2024.

14.     The message labeled "Yesterday 9:37 AM" was sent on December 17, 2024.

15.     The message labeled "Today 9:31 AM" was sent on December 18, 2024.

16.     Overall, between April 24, 2024, and December 18, 2024, Defendant caused approximately eleven marketing text messages to be transmitted to Plaintiff's cellular telephone number.

17.     As demonstrated by the above screenshots, the purpose of Defendant's telephonic sales calls was to advertise, promote, and/or market Defendant's property, goods, and/or services.

18.     As demonstrated by the above screenshots, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's text message solicitations by telling Defendant not to contact them anymore, but Defendant continued to text message Plaintiff.

19.     Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

20.     Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The

precise details regarding its lack of training are solely within Defendant's knowledge and control.

21.    Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

22.    Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made repeated opt-out requests and those requests were never processed; they were ignored by Defendant and its employees and Defendant continued to send text messages.

23.    Defendant sent at least two solicitations after Plaintiff's first opt-out request.

24.    Plaintiff is the regular user of the telephone number that received the above solicitations.

25.    Plaintiff registered the cellular telephone number on the National Do-Not-Call Registry six years prior to the filing of this case.

26.    Plaintiff utilizes the cellular telephone number that received Defendant's text messages for personal purposes and the number is Plaintiff's residential telephone line and primary means of reaching Plaintiff at home.

27.    Upon information and belief, Defendant has access to outbound

transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Stop Class members' inbound opt-out requests.

28.    Plaintiff has not transacted any business with Defendant within the past eighteen (18) months before receiving the above text messages. Also, Plaintiff has not made any inquiry regarding Defendant's products or services within the past three (3) months before receiving the above text messages.

29.    Plaintiff never signed any type of authorization permitting or allowing Defendant to send them text message solicitations.

30.    Defendant's unlawful conduct resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and the Class members.

31.    Defendant's text messages caused Plaintiff and the Class members harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, and violation of their statutory privacy rights.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

32.    Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The classes that Plaintiff seeks to represent (the "Classes") are defined as:

**DNC Class - All persons in the United States who from four years prior to the filing of this action through the date of class certification (1) Defendant, or anyone on Defendant's behalf, (2) placed more than one text message call within any 12-month period; (3) where the person's telephone number that had been listed on the National Do Not Call Registry for at least thirty days; (4) regarding Defendant's property, goods, and/or services; (5) who did not purchase or transact business with Defendant during eighteen months immediately preceding the date of the first message; and (6) who did not contact Defendant during the three months immediately preceding the date of the first message with an inquiry about a product, good, or service offered by Defendant.**

**Stop Class - All persons within the United States who, within the four years prior to the filing of this lawsuit through the date of class certification, received two or more text messages within any 12-month period, from or on behalf of Defendant, regarding Defendant's goods, services, or properties, to said person's residential cellular telephone number, *after* communicating to Defendant that they did not wish to receive text messages by replying to the messages with a "stop" or similar opt-out instruction.**

33.    Plaintiff reserves the right to modify the Classes' definitions as warranted as facts are learned in further investigation and discovery.

34.    Defendant and their employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes but believes the number of members of each of the Classes is in the several thousands, if not more.

NUMEROSITY

35.    Upon information and belief, Defendant has placed violative text

10

message calls to telephone numbers belonging to at least 50 persons in each of the

Classes. The members of each the Classes, therefore, are believed to be so numerous

that joinder of all members is impracticable.

36.     The exact number and identities of the members of the Classes are

unknown at this time and can be ascertained only through discovery.  Identification of

the members of the Classes is a matter capable of ministerial determination from

Defendant's call records.

## COMMON QUESTIONS OF LAW AND FACT

37.     There are numerous questions of law and fact common to the Classes

which predominate over any questions affecting only individual members of the Classes.

Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated solicitation text messages to Plaintiff and the DNC Class members who had registered their numbers on the National Do Not Call Registry;

(b) Whether Defendant continued to send text message solicitations to Stop Class members after opt-out requests;

(c) Whether Defendant failed to honor Plaintiff's and the Stop Class members' opt-out requests;

(d) Whether Defendant implemented the requisite training of personnel under section 64.1200;

(e) Whether Defendant maintains an internal do-not-call list and instructs its employees on how to use the list;

(f) Whether Defendant maintains the required policies and procedures under section 64.1200; and

(g) Whether Defendant is liable for damages, and the amount of such damages.

38. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telephonic sales calls without consent is accurate, Plaintiff and the members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

39. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF CLASS MEMBERS

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

### SUPERIORITY

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of each member of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the each of the Classes are in the millions of

dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42.     The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.   For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.   Additionally, individual actions may be dispositive of the interests of the Classes, although certain members of the Classes are not parties to such actions.

## COUNT I
## VIOLATIONS OF 47 U.S.C. § 227(c) AND 64.1200(c)
### (On Behalf of Plaintiff and the DNC Class)

43.     Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-42 as if fully set forth herein.

44.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides in pertinent part that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on

the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."

45.     Per 47 C.F.R. § 64.1200(e), § 64.1200(c) is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

46.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

47.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

48.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and DNC Class members received more than one text message in a 12-month period from Defendant in violation of 47 C.F.R. § 64.1200.

49.     As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are

entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To

the extent Defendant's misconduct is determined to be willful and knowing, the Court

should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages

recoverable by the members of the DNC Class.

50.    **WHEREFORE**, Plaintiff, on behalf of themselves and members of the

DNC Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the DNC Class as defined above, and appointing Plaintiff as the representative of the DNC Class and Plaintiff's counsel as Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the DNC Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. d. An injunction requiring Defendant to comply with 47 U.S.C. § 227(c) and 47 C.F.R. 64.1200(c);

e. An award of attorney's fees, costs, and interest, as allowed by applicable law; and

f. f.  Such further and other relief the Court deems reasonable and just.

## COUNT II
## <u>VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)</u>
### (On Behalf of Plaintiff and the Class)

51.    Plaintiff re-alleges and incorporates the allegations set forth in paragraphs

1-42 as if fully set forth herein.

52.    In pertinent part, 47 C.F.R. § 64.1200(d) provides:

No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

16

53.    Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

54.    Plaintiff and the Class Members are residential telephone subscribers who received more than one text message made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its repeated failure to honor opt-out requests.

55.    Plaintiff and the Class members made requests to Defendant not to receive texts from Defendant.

56.    Plaintiff and the Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

57.    Defendant continued to text message Plaintiff and the Class Members to harass them into making purchases from Defendant.

58.    Defendant failed to honor Plaintiff's and the Class members' opt-out requests.

59.    Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

60.    Plaintiff and the Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls or text messages.

61.    Plaintiff and the Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

62.    Plaintiff and the Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

63.    The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

64.    Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

65.    As a result of Defendant's conduct as alleged herein, Plaintiff and the Stop Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200. To the extent Defendant's misconduct is determined to be willful and knowing, the Court

should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Stop Class.

66. **WHEREFORE**, Plaintiff, on behalf of themselves and members of the Stop Class, prays for the following relief:

a. An order certifying this case as a class action on behalf of the Stop Class as defined above, and appointing Plaintiff as the representative of the Stop Class and Plaintiff's counsel as Class Counsel;

b. An award of statutory damages for Plaintiff and each member of the Stop Class as applicable under the TCPA;

c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

d. An injunction requiring Defendant to comply with 47 C.F.R. § 64.1200(d) by (1) maintaining the required written policies; (2) providing training to their personnel engaged in telemarketing; and (3) maintaining a do-not-call list; and

e. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and members of the Class hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Date:  December 23, 2024.

Respectfully Submitted,

s/ Faaris K. Uddin                        .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**FAARIS K. UDDIN, ESQ.**
Florida Bar No.: 1054470
E-mail: faaris@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: (813) 340- 8838
*COUNSEL FOR PLAINTIFF*


*COUNSEL FOR PLAINTIFF*